UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 95-451-CR-MOORE-TORRES

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

ANTHONY RUTHERFORD,

       Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR APPOINTMENT OF COUNSEL**

This matter is before the Court on a Motion for Appointment of Counsel filed by Defendant Anthony Rutherford ("Defendant") on December 21, 2011 [**D.E. 194**] in connection with his Notice of Appeal [D.E. 193] from an Order entered on December 7, 2011 denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [D.E. 191].[1] On January 10, 2012, we conducted a telephonic hearing on Defendant's motion which both Defendant and counsel for the government attended. Having considered the motion and the argument of the parties at the hearing, and the entire record in this case, the Court recommends that the Motion for Appointment of Counsel be DENIED for the reasons set forth below.

---

[1] The Honorable K. Michael Moore referred the Motion for Appointment of Counsel to the undersigned Magistrate Judge. [D.E. 195].

## I. BACKGROUND

### A. *Procedural Background*

In 1995, Defendant and another individual were charged with and found guilty of conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and distribution of cocaine. Defendant qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") based on certain qualifying convictions. Based in part on Defendant's classification as a career offender, his sentencing guidelines range was 360 months to life imprisonment. However, after the government filed a notice of intent to seek a statutory sentence enhancement, Defendant was sentenced to the mandatory statutory penalty of life imprisonment.

On appeal, the Eleventh Circuit Court of Appeals remanded for resentencing based upon a defect in the government's notice of enhanced statutory penalties. *United States v. Rutherford*, 175 F.3d 899, 903-904 (11th Cir. 1999). The court affirmed Judge Moore's use of two state felony convictions as "prior convictions" to classify Defendant as a career offender under U.S.S.G. § 4B1.1. *Id.* at 904-905.

On remand, Defendant again was classified as a career offender. Again, based in part on his career offender status, his sentencing guidelines range was 360 months to life imprisonment. On November 17, 1999, Judge Moore resentenced Defendant to the high end of the guidelines range, i.e., life imprisonment, followed by five (5) years' supervised release. [D.E. 144; D.E. 189-1].[2] Defendant appealed the court's refusal to

---

[2] At resentencing, Defendant did not object to his status as a career offender, arguing primarily that Judge Moore should depart downward from the career offender guidelines range based on his minor role in the charged offense. [D.E. 189-1 at 3-9]. Judge Moore concluded that even if Defendant were entitled to a minor role

depart downward based on a minor role but the Eleventh Circuit affirmed the sentence. [D.E. 157].

In 2002, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel and insufficiency of the evidence. *See Rutherford v. United States*, No. 02-22930-CIV- MOORE (S.D. Fla.). His motion was denied, *id.* at D.E. 29, as was his request for a certificate of appealability. *Id.* at D.E. 36. The Eleventh Circuit later denied Defendant's motion for certificate of appealability and motion to proceed *in forma pauperis*. *Id.* at D.E. 41.

In 2007, Defendant moved for a recalculation of and reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on an amendment to the U.S.S.G. regarding the definition of "cocaine base." [D.E. 167]. The motion was denied. [D.E. 175].

In July 2010, Defendant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Middle District of Florida. *See Rutherford v. Warden, FCC Coleman - Medium*, No. 10-315-CIV-HODGES (M.D. Fla.). In the petition and in supplemental filings, Defendant argued among other things that he did not qualify as a career offender based on his prior convictions and that his sentence should be reduced pursuant to the FSA. The matter remains pending.

### B.   *Present Matter*

On October 14, 2011, Defendant again moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). [D.E. 181, 186]. He claimed that his sentence should be reduced pursuant to Amendment 750 to the U.S.S.G., which retroactively reduced the

---

adjustment, he was not entitled to the downward departure. [*Id.* at 8-9].

base offense levels in U.S.S.C. § 2D1.1(c) applicable to crack cocaine offenses, and the Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111-220, 124 Stat. 2372 (2010), which raised the amount of crack cocaine necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Defendant also denied being a career offender. The government filed a detailed response in opposition. [D.E. 189]. On December 7, 2011, Judge Moore denied Defendant's motion to reduce his sentence. [D.E. 191].

Defendant thereafter filed a Notice of Appeal [D.E. 193] and the Motion for Appointment of Counsel [D.E. 194] that is pending before us. The government responded in opposition to the motion [D.E. 197]; we held the hearing on January 10, 2012; and the matter is now ripe for disposition.

## II.   ANALYSIS

Defendant seeks appointed counsel so he can appeal the December 7, 2011 Order denying his motion for a sentence reduction pursuant to § 3583(c)(2).[3] The motion should be denied for the following reasons.

---

[3]   Section 3582(c)(2) provides:

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

### A. *Right to Appointed Counsel*

In *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009), the Eleventh Circuit held that a defendant does not have a constitutional or statutory right to appointed counsel in a proceeding brought pursuant to § 3582(c)(2). The court examined the three sources from which an indigent defendant's entitlement to appointed counsel in any particular proceeding could emanate: the Fifth Amendment's due process clause; the Sixth Amendment's guarantee of counsel; and 18 U.S.C. § 3006A(c). *Id.* at 794-95.[4]

None of these sources, the court concluded, mandated the appointment of counsel in a § 3582(c)(2) proceeding. *Id.* (noting that all of the other circuit courts that addressed the issue had reached the same conclusion). As the court noted, a § 3582(c)(2) motion is "'simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give [them] the benefits of an amendment to the Guidelines,' rather than 'a challenge to the appropriateness of the original sentence.'" *Id.* at 794 (internal citation omitted).

---

[4] As the court explained, the Fifth Amendment's due process clause requires counsel to be appointed whenever "fundamental fairness" demands it; the Sixth Amendment guarantees counsel during those "critical stages of a criminal prosecution where substantial rights of a criminal accused may be affected;" and § 3006A(c) requires that counsel be available to an indigent defendant "at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." *Webb*, 565 F.3d at 794. None of these is implicated in a § 3582(c)(2) proceeding. *Id.* at 794-95.

Because there is no right to appointed counsel in a § 3582(c)(2) proceeding at the trial level, there is no right to appointed counsel in order to appeal an adverse ruling on the § 3582(c)(2) motion.

### B.  *District Court's Discretion to Appoint Counsel*

Because there is no statutory or constitutional right to counsel in connection with a § 3582(c)(2) motion, the decision whether to appoint counsel is left to the discretion of the district court. *Id.* at 795 (given that there is no statutory or constitutional right to counsel for a § 3582(c)(2) proceeding, the decision to appoint an attorney is left to the sound discretion of the district court). We conclude that the proper exercise of discretion is not to appoint counsel in this instance because Defendant's appeal here would be frivolous.

First, as the government explained in its response to the § 3582(c)(2) motion, Defendant is ineligible for a sentence reduction under that statutory provision because he was sentenced as a career offender, and Amendment 750 has no effect on his guidelines range. [*See* D.E. 189 at 8-13].

At his original sentencing, Defendant was sentenced as a career offender under U.S.S.G. § 4B1.1 based on his prior convictions for drug trafficking and violent offenses. The Eleventh Circuit explicitly affirmed Defendant's classification as a career offender. *See Rutherford*, 175 F.3d at 904-905 (remanding for resentencing on another ground).

On remand, Defendant was again sentenced as a career offender. [D.E. 189-1]. As before, the sentencing range was determined by the guidelines applicable to career

offenders, § 4B1.1, not the crack cocaine base offense levels in § 2D1.1(c). The base offense levels in § 2D1.1(c) played no role in the calculation of Defendant's sentencing range. Thus, while Amendment 750 may have affected Defendant's base offense level, it did not result in a lower guidelines range.

It is well-established in this circuit that a defendant whose applicable guidelines range is not lowered by a retroactive amendment of the U.S.S.G. is not eligible for a sentence reduction under § 3582(c)(2). In *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008)), the Eleventh Circuit concluded that,

> [w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. Here, although Amendment 706[5] would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1.

*Id.* at 1330 (affirming decisions by several district courts that they lacked authority under § 3582(c)(2) to grant sentence reductions requested by crack cocaine defendants who were sentenced as career offenders). *See also, e.g., United States v. Upshaw*, 362 Fed. Appx. 118, 120 (11th Cir. 2010) ("a crack cocaine defendant whose offense level was determined by the career offender provision, U.S.S.G. § 4B1.1, rather than § 2D1.1(c), was not eligible for a § 3582(c)(2) reduction because Amendment 706 did not lower the sentencing range upon which the defendant's sentence was ultimately based."; citing *Moore*).

---

[5] Amendment 706 (together with Amendment 713) retroactively reduced the base offense levels applicable to crack cocaine offenses. *See Moore*, 541 F.3d at 1325.

Because Amendment 750 did not lower the sentencing range upon which Defendant's sentence was based, Judge Moore was without authority under § 3582(c)(2) to modify his sentence. *See Moore*, 541 F.3d at 1330; *Upshaw*, 362 Fed. Appx. at 119-20.

Second, Defendant argued that he should be resentenced under the FSA, but that law took effect on August 3, 2010, long after Defendant committed his crimes. Defendant is therefore not entitled to be resentenced under the FSA. *See United States v. Coleman*, 416 Fed. Appx. 41, 44 (11th Cir. 2011) ("Because the FSA is silent on the issue of retroactivity, [1 U.S.C.] § 109 dictates that [the defendant] is not entitled to be resentenced under the FSA's less severe penalty provisions."; following *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010), in which the court held that the general savings statute barred the FSA from applying retroactively because the defendant committed his crimes before the effective date of the Act).

Based on the foregoing, we conclude that Defendant cannot prevail in an appeal of Judge Moore's Order denying his motion to reduce sentence pursuant to § 3582(c)(2). Because that appeal would be frivolous, we recommend that the Court deny Defendant's motion to appoint counsel for purposes of appeal.

### III.   CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that the Motion for Appointment of Counsel filed by Defendant Anthony Rutherford [**D.E. 194**] be **DENIED**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 23rd day of January, 2012.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

cc:  Anthony Rutherford, *pro se*
     Reg. No. #48897-004
     Federal Correctional Complex Medium
     P.O. Box 1032
     Coleman, Florida 33521