UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 95-CR-00451-MOORE/ELFENBEIN

**UNITED STATES OF AMERICA**,

v.

**ANTHONY RUTHERFORD**,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

**THIS MATTER** came before the Court for a final hearing on revocation of supervised release on July 18, 2024, upon a Superseding Petition for Offender Under Supervision (the "Superseding Petition"), ECF No. [233], as to Defendant, Anthony Rutherford ("Defendant").[1]

### RELEVANT BACKGROUND

Defendant was convicted on March 29, 1996, of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and distribution of cocaine contrary to statute, in violation of 21 U.S.C. § 841(a)(1). ECF No. [121]. He commenced supervision on August 12, 2019, and was scheduled to terminate supervision on August 11, 2024. ECF No. [233].

On August 2, 2021, a Petition for Warrant or Summons for Offender under Supervision

---

[1] This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Court Judge, to take all necessary and proper action as required by law with respect to any violations of Supervised Release as to Defendant Anthony Rutherford, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. ECF No. [238].

notified the Court that Defendant violated his supervised release for failing to submit to drug testing, failing to follow the instructions of the probation officer, failing to report as instructed, failing to report a change in residence, and failing to submit a complete written report (violations 1-11). ECF No. [231]. The Court thereafter issued a warrant for the Defendant's arrest. ECF No. [232]. On April 17, 2024, U.S. Probation submitted the Superseding Petition, alleging that Defendant violated additional requirements of supervised release (violations 12-14). ECF No. [233]. On June 7, 2024, Defendant appeared before the Court for his initial appearance on the Superseding Petition, ECF No. [237]; and on June 12, 2024, following a probable cause and detention hearing, Defendant was ordered detained and probable cause was found on all violations in the Superseding Petition. ECF No. [240].

The undersigned thereafter held several status conferences with the Parties and, at their request, scheduled this matter for a revocation hearing on July 18, 2024. ECF Nos. [243], [245], [247], and [248].

The violations alleged in the Superseding Petition are as follows:

1. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On June 8, 2021, the defendant failed to report to the U.S. Probation Office for drug testing as instructed.

2. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On June 23, 2021, the defendant reported to the U.S. Probation Office as instructed but stalled the drug test.

3. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On June 24, 2021, the defendant failed to report to the U.S. Probation Office for drug testing as instructed.

4. **Violation of Mandatory Condition**, by refusing to submit to drug testing. On June 29, 2021, the defendant failed to report to the U.S. Probation Office for drug testing as instructed.

5. **Violation of Standard Condition**, by failing to follow the instructions of the U.S. Probation Officer. On May 20, 2021, the defendant was instructed to submit all pending Monthly Supervision Reports in June 2021. On June 4, 2021, the

defendant failed to submit the reports as instructed.

6. **Violation of Standard Condition**, by failing to report to the U.S. Probation Officer as instructed. On June 4 and June 7, 2021, the defendant was instructed to report to the U.S. Probation Office on June 8, 2021. He failed to comply with the reporting instructions.

7. **Violation of Standard Condition**, by failing to report to the U.S. Probation Officer as instructed. On June 21, 2021, the defendant was instructed to report to the U.S. Probation Office on June 23, 2021, to address his non-compliant behavior with instructions. He was instructed to submit all pending Monthly Supervision Reports and submit to drug testing. The defendant failed to comply with both instructions.

8. **Violation of Standard Condition**, by failing to report to the U.S. Probation Officer as instructed. On July 6, 2021, the defendant was instructed to report to the U.S. Probation Office. He failed to comply with reporting instructions and did not contact this officer as requested.

9. **Violation of Standard Condition**, by failing to report to the U.S. Probation Officer as instructed. On July 20, 2021, U.S. Probation Officers David Stwarka and Norma Martinez left written notification at the defendant's residence instructing him to report to the U.S. Probation Office on July 28, 2021. The defendant failed to report as instructed.

10. **Violation of Standard Condition**, by failing to notify the probation officer ten days prior to any change in residence. On July 20, 2021, U.S. Probation Officers David Stwarka and Norma Martinez conducted a home visit to the defendant's address of record. The defendant was not in the residence and U.S. Probation Officers received information the defendant was not staying at the address of record for the last month. As of today, the defendant's whereabouts are unknown.

11. **Violation of Standard Condition**, by failing to submit a truthful and complete written report within the first five days of each month. Since May 20, 2021, the defendant has been reminded on several occasions of his responsibility to submit the monthly reports timely. Since his release on supervision, the defendant has failed to submit the reports corresponding to October 2020 to July 2021.

12. **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about March 28, 2024, in Miami-Dade County, the defendant committed the offense of Count One: Drug abuse / Person in actual or constructive possession of Cocaine (Powder or Crack), contrary to Florida State Statute 893.13(6)A) – Felony.

13. **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about March 28, 2024, in Miami-Dade County, the defendant committed the offense of Count 2 – Marijuana Possession, contrary to Miami Dade

      County Ordinance 21-81(A) – Misdemeanor.

14. **<u>Violation of Mandatory Condition</u>**, by failing to refrain from a violation of the law. On March 28, 2024, in Miami-Dade County, the defendant committed the offense of Count 3 – Resisting Arrest without Violence, contrary to Florida State Statute 843.02 – Misdemeanor.

ECF No. [233].

## REVOCATION HEARING

All parties, including counsel for the United States, United States Probation Officer Shakira Botello, Defendant, and Defendant's counsel, appeared at the hearing prepared to proceed. At the hearing, the Parties informed the undersigned that they reached a resolution and the Defendant wished to admit to violations 1 through 13 of the Superseding Petition. ECF No. [249]. The Government further represented that it agreed to dismiss violation 14 in the Superseding Petition.

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to violations 1 through 13 in the Superseding Petition is knowing and voluntary. The undersigned advised Defendant the maximum penalty the District Judge may impose for these violations, pursuant to 18 U.S.C. § 3583(e)(3), is a term of up to five years' imprisonment. Defendant acknowledged that he understands the maximum penalties. Accordingly, based on the representations on the record from Defendant, Defendant's counsel, the Government, and the United States Probation Officer, and having had the opportunity to observe and hear directly from Defendant, the undersigned **RECOMMENDS** that the Court set the matter for a final hearing and accept Defendant's admission of guilt as to **violations 1 through 13** as charged in the Superseding Petition, ECF No. [233].

The Parties will have **FOURTEEN (14) BUSINESS DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida on July 24, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:
Hon. K. Michael Moore, U.S. District Judge
Counsel of Record